UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| JERROLD EUGENE DUBOSE, |
| Plaintiff, |
| -against- |
| NEW YORK PRESBYTERIAN, CASES, INC., JESSICA GELFANE, BENEFICIARIES SUBSUDIES SUBSIDARIES SUBJECTS INTER ALIA, |
| Defendants. |

26-CV-1004 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging civil rights violations in Brooklyn, New York.

Named as Defendants are New York Presbyterian, Cases, Inc., Jessica Gelfane, and

"Beneficiaries Subsudies Subsidaries Subjects Inter Alia." Plaintiff pleads that Cases, Inc.'s

address is 151 Lawrence Street, 9th Floor, Brooklyn, New York, 11201, and that Jessica Gelfane

works at Cases, Inc. For the following reasons, the Court transfers this action under

28 U.S.C. § 1404 to the United States District Court for the Eastern District of New York.

**BACKGROUND[1]**

Plaintiff alleges that since around October 2020, he has been subject "to undue

enrichment, theft of services, emotional and physical duress, including but not limited to undue

harm by Cases, Inc. located at 151 Lawrence Street Brooklyn New York 11201 9th floor."

(Compl., ECF No. 1 at 10.) Plaintiff also alleges that on or around October 29, 2025, he "went to

Jessica Gelfane team leader of the Brooklyn ACT/FACT team to complain[]" that Cases, Inc.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

was "making a fortune of my bond information as well as Medicaid." (*Id.* at 10-11.) Plaintiff further alleges that "they," presumably Cases, Inc. and Gelfane, failed to provide him "with the necessary supliments to assist . . . with daily living (i.e., food, clothing, shelter)" and that he had not "received as much as a pair of sneakers in 3 years – much less a metro card." (*Id.* at 11.) When Plaintiff asked Gelfane, "where is the money going?" Gelfane allegedly "lied with a poker face and said she didn't know what [Plaintiff] was talking about." (*Id.*) While Plaintiff waited to receive metro cards and some food before going home, two "police officers along with EMS arrived," and Plaintiff was then informed that the officers and EMS were bringing Plaintiff to New York Presbyterian for observation. (*Id.* at 12.)

Plaintiff was at New York Presbyterian for a month. (*Id.*) While at New York Presbyterian, Plaintiff alleges, he was "assaulted by staff after" he told "a female head staff to treat her black patients with the same courtesy as thier white counterparts." (*Id.*) Plaintiff alleges that along with missing Halloween with his grandchildren, he was "hog tied . . . made to use the commode while handcuffed to the railing in the restroom, punched and kicked by" New York Presbyterian "security officers." (*Id.* at 12-13.)

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

2

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Here, Plaintiff does not plead the residence of any of the defendants but asserts that the alleged events giving rise to his claims occurred when visiting Cases, Inc., in Kings County, which falls within the Eastern District of New York, *see* 28 U.S.C. § 112. Plaintiff also pleads that events giving rise to his claims took place at New York Presbyterian but does not plead the address of New York Presbyterian. Because it is unknown where Gelfane resides, it is unclear whether venue is proper under Section 1391(b)(1) in either this District, the Eastern District of New York, or any district in New York. Even if the Court did assume that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Brooklyn, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, where Plaintiff resides, and it is reasonable to expect that all relevant documents and witnesses also would be located in Brooklyn. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 18, 2026
         New York, New York

                                        **/s/Laura Taylor Swain**
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

4